1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  FERMIN LAYOS,                                    CASE NO. 1:11-cv-02144 LJO  GSA PC

10                      Plaintiff,                  ORDER DISMISSING COMPLAINT, WITH
                                                    LEAVE TO FILE AMENDED COMPLAINT
11         v.                                       WITHIN THIRTY DAYS

12  E. CONANAN, et al.,                             (ECF No. 1)

13                      Defendants.
    _____/

14

15                              **Screening Order**

16  **I.     Screening Requirement**

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant

19  to 28 U.S.C. § 636(b)(1).

20         The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28  ///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections and Rehabilitation at Avenal.  Plaintiff names the following individuals: E. Conanan; Hitchman; Raj Gopal, M.D.; Dr. Greenleaf; A. Ross, R.N.; Nurse Practitioner I. Mathos.  Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's prohibition on cruel and unusual punishment.

On May 21, 2009, Plaintiff was seen by Defendant Ross.  Plaintiff complained of chest pains, coughing, blood in his sputum and dizziness.  Ross advised Plaintiff to put a hot water bottle on his chest.  Ross failed to address the coughing, dizziness, or blood in Plaintiff's sputum.

On June 15, 2009, Plaintiff was seen by John Doe 3.  On September 1, 2010, Plaintiff was seen by Defendant Mathos, "whom states that she felt that the plaintiff had in fact contracted valley fever."

During a medical examination on September 21, 2009, Plaintiff asked Dr. Conanan if he could be medically transferred due to "my high risk to contracting valley fever being Filipino and having severe allergies."  Dr. Conanan declined to refer Plaintiff for a medical transfer.

On December 11, 2009, Plaintiff was sent to an outside physician.  Plaintiff was seen by Raj Gopal, M.D.  Dr. Gopal "did in fact determine that the plaintiff had a body fighting infection

according to the blood tests taken on 10/21/2009." Plaintiff alleges that the infection was consistent with valley fever.

On December 28, 2009, Plaintiff was seen by John Doe 1 with a complaint of chest pains. John Doe 1 "ignored the pain I was enduring and only requested that the plaintiff continue taking the medicine which were prescribed."

On January 16, 2010, Plaintiff was seen by Jane Doe 2, a registered nurse. Plaintiff alleges that he "endured this pain for months without any treatment or medications."

On March 29, 2010, Dr. Greenleaf reviewed Plaintiff's file and ordered additional testing. On July 22, 2010, Defendant Hitchman reviewed Plaintiff's file, and informed Plaintiff that he had contracted a dormant case of valley fever. Hitchman requested a serology test and a CT scan.

Plaintiff makes no other allegations.

A.     **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds Plaintiff's allegations to be vague. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant

3

1    deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles,

2    442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that

3    person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act

4    which [that person] is legally required to do that causes the deprivation of which complaint is

5    made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d

6    740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some

7    kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts

8    by others which the actor knows or reasonably should know would cause others to inflict the

9    constitutional injury.'"  Id. (quoting Johnson at 743-44).

10       In order to hold each defendant liable, Plaintiff must allege facts indicating that defendant

11   was aware of an objectively serious harm to Plaintiff, and acted with deliberate indifference to that

12   harm.  Plaintiff's allegations indicate that Defendants failed to transfer him because of his concerns

13   about valley fever.   Although Plaintiff advised medical officials that, because of his allergies and

14   his ethnicity, he was susceptible to valley fever.  Plaintiff does not, however, allege facts indicating

15   that any of the defendants ignored a condition that was definitively diagnosed.  The facts of the

16   complaint indicate that when Plaintiff was first informed of the diagnosis in July of 2010, it was

17   diagnosed as a dormant form of valley fever.  That Plaintiff, in his view, was susceptible to valley

18   fever does not subject defendants to liability for failure to treat or respond to it.

19       Further, Plaintiff sets forth vague allegations that he went long periods without appropriate

20   treatment.  In order to hold each defendant liable, Plaintiff must specifically allege facts indicating

21   that the defendant was aware of an objectively serious condition, and acted with deliberate

22   indifference to it.   That Plaintiff may disagree with a particular course of treatment does not

23   constitute deliberate indifference on the part of defendants. Hatton v. Arpaio, 217 F.3d 845 (9th Cir.

24   2000);  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

25       Because Plaintiff has not alleged facts sufficient to state a claim for relief, the complaint must

26   be dismissed.  The Court will, however, grant Plaintiff an opportunity to file an amended complaint

27   that corrects the identified defects.  Plaintiff need not, however, set forth legal arguments in support

28   of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual

4

1   defendant, describe where that defendant is employed and in what capacity, and explain how that

2   defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words,

3   what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular

4   right described by Plaintiff.   Plaintiff has failed to do so here.

5   **III.   Conclusion and Order**

6          The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

7   which relief may be granted under section 1983.   The Court will provide Plaintiff with the

8   opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

9   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

10  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,

11  507 F.3d at 607 (no "buckshot" complaints).

12         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

13  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

14  Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be

15  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

16  Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

17          Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

18  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

19  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

20  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

21  complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing

22  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

23  1474.

24         Accordingly, based on the foregoing, it is HEREBY ORDERED that:

25  1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

26  2.      The Clerk's Office shall send to Plaintiff a complaint form;

27  3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

28          amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **November 30, 2012**          _____**/s/ Gary S. Austin**_____
                                          UNITED STATES MAGISTRATE JUDGE